IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MILEYKA M. McAFEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-05-1074-M |
| ) | |
| ITT FEDERAL SERVICES CORP., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is defendant ITT Federal Services Corp.'s ("ITT") Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed October 27, 2005. On November 14, 2005, plaintiff filed her response, and on December 15, 2005, ITT filed its reply.

On September 15, 2005, plaintiff filed the instant action alleging the following causes of action: (1) quid pro quo sexual harassment, (2) gender discrimination, (3) hostile work environment sexual harassment, and (4) intentional infliction of emotional distress. ITT moves this Court to dismiss this action for lack of subject matter jurisdiction. Specifically, ITT asserts that because plaintiff's EEOC charge of discrimination was untimely filed, this Court lacks subject matter jurisdiction over plaintiff's federal law claims and, consequently, lacks supplemental jurisdiction over plaintiff's state law claim.

The United States Supreme Court has held "that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). In light of *Zipes*, the Tenth Circuit has held that "while a district court may maintain jurisdiction over a Title VII claim that arises from an untimely filed charge, it may not maintain jurisdiction over a Title VII claim for which a charge has not been

filed." *Rodriguez v. Miller Waste Mills, Inc.*, 72 Fed. Appx. 839, 846 (10th Cir. 2003).[1]  *See also Jones v. Runyon*, 91 F.3d 1398, 1400 n.1 (10th Cir. 1996).

Accordingly, because it is undisputed in the case at bar that plaintiff filed a discrimination charge with the EEOC, and because the only issue in dispute is whether such charge was timely filed, the Court finds that it has jurisdiction over plaintiff's Title VII claims. The Court, therefore, DENIES ITT's Motion to Dismiss for Lack of Subject Matter Jurisdiction [docket no. 7].

**IT IS SO ORDERED this 23rd day of March, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[1] Unpublished opinion cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.